IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Thomas Hawthorne** and **Emory Newman**, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>**Andre Keith,**<br><br>Plaintiff-Intervenor,<br><br>**Randy Kelley and Janet May,**<br><br>Plaintiff-Intervenors<br><br>vs.<br><br>**Jaime Harrison**, in his official capacity as National Chairperson of the Democratic National Committee, et al.,<br><br>Defendants. | 1:21-cv-00056-RAH-SMD<br><br>Original case number:<br>89-T-381-S<br><br>**Kelley Intervenors' Response in Opposition to the Defendants' Motion to Dismiss** |

Plaintiff-intervenors Randy Kelley and Janet May (the "Kelley Intervenors" or just "intervenors") respectfully submit this response in

opposition to the defendants' motion to dismiss. (ECF 59.) The defendants have moved to dismiss the Kelley Intervenors' complaint in intervention (ECF 47) for failure to state a claim upon which relief can be granted. They argue that the intervenors have failed to plead a violation of the consent decree in this case and that the intervenors have failed to allege state action necessary to maintain their claims under Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments. Neither of these arguments has any merit.

## Background

This case is about the bylaws of the Alabama Democratic Party. In 1989, African-American voters brought this suit challenging those bylaws under Sections 2 and 5 of the Voting Rights Act, 52 U.S.C. §§ 10301 and 10304, and the Fourteenth and Fifteenth Amendments. The plaintiffs sought various forms of relief aimed at requiring the Party to give Black voters a greater opportunity for representation on party governing bodies at the national, state, and county levels based on Black voters' presence in the Democratic electorate. The parties settled the case in 1991 with a consent decree that, among other things, required the Party to adopt reforms designed to provide full and fair

representation for Black Democrats. In 2019, however, the Party adopted a new set of bylaws that unraveled those reforms and undermined Black voting strength in affairs of the Party. (ECF 48-1 ¶ 1.)

The complaint in intervention seeks to enforce the 1991 consent decree in this case or, in the alternative, to challenge the 2019 bylaws under Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments. The plaintiff-intervenors seek declaratory and injunctive relief restoring Black voters' opportunity to elect Party officials of their choice. (*Id.* ¶ 2.)

## Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must [ ] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). It must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at

1289 (quoting Twombly, 550 U.S. at 556). A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted) (citation omitted). See also *Iqbal*, 556 U.S. at 680–85.

In deciding a motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006)).

## Discussion

### I. The terms of the consent decree are permanent, binding and enforceable.

As this Court has already recognized, the proper way to enforce a consent decree is through a motion for contempt in the case from which

the decree emanated. (ECF 42 at 6.) *See Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000); *Carney v. Dothan*, 158 F. Supp. 3d 1263, 1284 (M.D. Ala. 2016). A consent decree is enforceable by civil contempt whether the alleged violation is stated as a claim or not.

Here, the intervenors' complaint in intervention gives the defendants fair notice of the alleged violation and the grounds on which it rests. Claim one provides as follows: "The October 5 bylaws of the State Democratic Executive Committee of Alabama violate the consent decree in this case by reducing the influence of the Committee's existing minority caucus and by shifting control over the selection of at-large members of the minority caucus to the Committee's elected members." (ECF 48-1 ¶ 49.) The complaint identifies the specific actions that are alleged to violate the consent decree (*Id.* ¶¶ 30-45) and the specific provisions of the consent decree that those actions are alleged to violate (*Id.* ¶¶ 13-16). Nothing more is required at the pleading stage.

The intervenors' claim is also plausible on its face. By its own terms, the purpose of the consent decree to provide for "full and fair representation for all Democrats in Alabama, including in particular black Democrats." (*Id.* ¶ 14.) The complaint alleges specific facts which,

taken together, support an inference that the purpose and effect of the October 5 bylaws was to reduce the power of the existing minority caucus. (*Id.* ¶¶ 24-35, 42-43.) It is entirely plausible that actions which have the purpose and effect of undermining the minority caucus might violate a consent decree designed to protect minority voters. As explained at the hearing on the motion to intervene, discovery may be necessary to understand the decree's requirements. (*See* ECF 41, ECF 42 at 6 ("questions as to what the consent decree requires of Defendants will be central to Plaintiff-Intervenors' claims").)

Hoping to avoid embarrassing discovery, the defendants argue that the consent decree requires precisely nothing of them. They say that it only required the Chair of the SDEC to appoint a commission and then to consider reforms recommended by that commission—both tasks that were completed decades ago. (ECF 59 at 7.) But this is an implausible reading of a consent decree that, by its own terms, is "permanent and binding on the parties" and that expressly authorizes Black Alabama Democrats "to institute a civil action to seek enforcement of the terms of this decree." (ECF 48-1 ¶16.)

The defendants also premise their argument on factual disputes. They dispute, for example, the intervenors' core allegations about how the new bylaws operate. (ECF 59 at 10 n.10; *see also id.* at 8 n.7 (disputing the authenticity of the "Figures Amendment" attached to the complaint).) But this Court is required to accept the intervenors' allegations as true for purposes of this motion. *See Miyahira,* 715 F.3d at 1265.

There is no motion for contempt yet before this Court. That motion, not this one, is the appropriate vehicle for determining what the consent decree does or does not require. The Court should therefore deny the defendants' motion to dismiss as to Claim One.

## II. The Democratic Party is not exempt from the Voting Rights Act or the United States Constitution.

The defendants also argue that the Court should dismiss the intervenors' claims under Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution because the defendants are private parties to which those provisions simply do not apply. (ECF 59 at 11-13.) This is the same argument that the defendants made in opposing the motion to intervene. (ECF 30 at 24-25.) The Court has thus rejected the argument once

already when it granted intervention, and it should reject the argument again.

The reason the argument lacks merits is simple: political parties are subject to the Voting Rights Act and the Constitution when they have party leaders elected through state-run primaries. That's what this Court held in this very case 30 years ago. *See Hawthorne v. Baker*, 750 F. Supp. 1090, 1094 (M.D. Ala. 1990), *vacated as moot*, 499 U.S. 933 (1991) (mem.) The plaintiff-intervenors addressed this argument at length in their intervention reply brief, and they incorporate that here. (ECF 31 at 7-10.)

The only new material in the motion to dismiss is an assertion that the Court can ignore its prior decision in this case because the law of the case doctrine does not apply under these circumstances. Even if that were true, there is still a mountain of binding and persuasive precedent standing for the same proposition, and the defendants address none of it.

Accordingly, the Court should also deny the defendants' motion to dismiss as to Claims Two and Three.

## Conclusion

The Court should deny the defendants' motion to dismiss.

Respectfully submitted this 4th day of October, 2021.

Fred F. Bell
Alabama Bar No. 0299B50F
1015 South McDonough Street
Montgomery, Alabama 36104
Telephone: (334) 303-0719
Email: ffbell@netzero.com

Mark Sabel (SAB004)
Sabel Law Firm, L.L.C.
P.O. Box 231348
Montgomery, AL 36123
Phone: (334) 546-2161
Email: mksabel@mindspring.com

**/s/ Bryan L. Sells**
Bryan L. Sells*
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiff-Intervenors Kelley and May*

## Certificate of Service

I hereby certify that on October 4, 2021, I served the foregoing document by U.S. Mail, first-class postage prepaid, on the following parties:

Thomas Hawthorne
601 Cotton Ridge Lane
Dothan, AL 36301

Emory Newman
212 W. Washington Street
Abbeville, AL 36310

Andre Keith
<address currently unknown>

I further certify that I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will give notice of the filing to the following attorneys of record:

Barry Alan Ragsdale
Dominick Feld Hyde, PC
1130 22nd Street South Ridge Park, Suite 4000
Birmingham, AL 35205
BRagsdale@dfhlaw.com

*Counsel for Christopher J. England, as the Chair of the State Democratic Executive Committee of Alabama, and State Democratic Executive Committee of Alabama*

Anil A. Mujumdar
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35206
anil@dagneylaw.com

Elisabeth C. Frost
Marc. E. Elias
Perkins Coie, LLP
700 14th Street NW
Washington, D.C. 20005
efrost@perkinscoie.com
melias@perkinscoie.com

Sarah R. Gonski
Perkins Coie, LLP
2901 N. Central Avenue
Phoenix, Arizona 85012
sgonski@perkinscoie.com

*Counsel for the Democratic National Committee and Jaime Harrison, as Chair of the Democratic National Committee*

**/s/ Bryan L. Sells**
Bryan L. Sells
Attorney for the Plaintiff-Intervenors